
FILED
JUL 11 2019
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| THOMAS E. TUCKER, JR.,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER, WARDEN OF MONTANA STATE PRISON; TIM FOX, MONTANA ATTORNEY GENERAL,<br><br>Respondents. | Cause No. CV 18-165-M-DLC-JCL<br><br><br>ORDER |

This matter comes before the Court on state pro se Petitioner Thomas E. Tucker, Jr.'s application for writ of habeas corpus under 28 U.S.C. §2254.

On October 29, 2018, this Court issued an Order directing Tucker to show cause as to why his petition should not be dismissed as time-barred and/or procedurally defaulted. (Doc. 3.) After requesting two extensions of time to comply with the Order, Tucker filed his response. (Doc. 9.) Tucker's response was intelligible, well-written, and responsive to the directives outlined in the Court's Order. Regardless, on May 2, 2019, this Court recommended dismissal of Tucker's petition with prejudice because it was barred by the federal statute of

1

limitations.

Tucker's federal habeas petition was filed nearly nine years late and Tucker did not provide an adequate basis to excuse his untimely filing. (Doc. 10 at 6-15.) In relation to Tucker's claim that his dyslexia prevented him from timely filing, this Court noted that in the years following his 2006 state court sentencing, Tucker successfully filed or was engaged in litigation in both state and federal court:

> In March of 2007, Tucker appeared before this Court for a bench trial. See, *Tucker v. Evans, et al.*, CV-04-210-M-JCL. In the Findings of Fact and Conclusions of Law issued in that matter, it was noted that Tucker was actively engaged in various litigation-related activities:
>
>> During the pertinent time frame, [Tucker] was involved in the following four proceedings: (1) his state court criminal case, *State v. Tucker*, DC-03-355, Fourth Judicial District Court, Missoula County, Montana; (2) a civil action in the United States District Court for the District of Montana, *Tucker v. Huntsman et al.*, CV-05-193-M-DWM; (3) a Montana state court case involving a challenge to the public defender system of the state of Montana, and; (4) this case.
>
> See, *Tucker v. Evans, et al.*, CV-04-210-M-JCL, Find. & Concl. (Doc. 12)(filed March 19, 2007). While Tucker was represented by counsel in *Tucker v. Evans*, he proceeded pro se in *Tucker v. Huntsman et al.*, CV-05-193-M-DWM.

(Doc. 10 at 10-11.) Because Tucker was able to prepare and file documents in both state and federal court during the pertinent limitations period, it was determined that Tucker would have been able to file a federal habeas petition during that same period. Tucker failed to demonstrate that his dyslexia or learning disabilities prevented him from understanding the need to file or effectuating filing

2

in this Court and, accordingly, he was not entitled to equitable tolling on the basis of his dyslexia. *Id.* at 11.

Following the entry of the Findings and Recommendations, Tucker motioned the Court to allow him to amend his Response to the Order to Show Cause and to provide additional time for him to file his objections to the Findings and Recommendations. (Docs. 11 & 12.) Tucker's Motion to Amend was denied, but he was granted an extension of time to file his objections. (Doc. 13.) Tucker was then provided two additional extensions. (Docs. 15 & 18.)[1]

Tucker next filed a Motion to Stay the proceedings, (Doc. 19), and a Motion for Reasonable Accommodation/Motion to Appoint Counsel. (Doc. 20.) In support of his Motion to Stay, Tucker explains that due to his dyslexia his pleadings have been defective and "woefully inadequate." (Doc. 19 at 1.) Accordingly, Tucker has requested a stay while the Court affords him the requested "reasonable accommodation" of appointed counsel. *Id.*, see also (Doc. 20.) If denied this accommodation, Tucker advises he will file a petition for writ of mandamus with the Ninth Circuit in which he intends to seek supervisory control of these proceedings. *Id.* at 1-2. Tucker insists he requires a stay until either counsel is appointed or the Circuit rules on his yet to be filed mandamus

---

[1] Tucker's objections are currently scheduled to be filed with the Court on or before July 30, 2019. See, (Doc. 18.)

petition. *Id.* at 2.

To the extent that Tucker asserts his filings have been inadequate or are defective, Tucker's pleadings and timely requests for extensions and/or other various relief belie his assertion. See e.g., (Docs. 1, 4, 6, 7, 9, 11, 12, 14, 17, 19, and 20.) Tucker has been able to effectively formulate and file coherent and sound documents with the Court pro se. Tucker's request for accommodation in the form of appointed counsel will be denied.

As Tucker is aware, the only action he needs to complete at this juncture, is to file his objection to the Findings and Recommendation. If Tucker elects to file a petition for extraordinary relief with the Circuit *and* if the Circuit directs this Court to stay the proceedings, a stay will be entered. Until that time, however, there is no basis upon which to stay the current proceedings. Tucker's Motion to Stay the proceedings will be denied.

Given these rulings and Tucker's previous explanation regarding issues which have delayed his ability to complete his objection, the Court will provide Tucker additional time to file the document.

Accordingly, IT IS HEREBY ORDERED:

1. Tucker's Motion to Stay (Doc. 19) is DENIED.

2. Tucker's Motion for Accommodation/Appointment of Counsel (Doc. 20) is DENIED.

3. Tucker's objections to the Findings and Recommendations (Doc. 10) shall be filed on or before **Tuesday, August 13, 2019**.

DATED this 11th day of July, 2018.

                                           */s/ Jeremiah C. Lynch*
                                           Jeremiah C. Lynch
                                           United States Magistrate Judge